IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>520.32 ACRES, MORE OR LESS IN )<br>WASHINGTON AND GREENE )<br>COUNTIES, LOCATED ON PARCEL )<br>IDENTIFICATION NO. 020-009-00-00- )<br>0019-00, OWNED BY JOHN S. )<br>LOMBARDO AND JEAN J. )<br>LOMBARDO; LOCATED ON PARCEL )<br>IDENTIFICATI ET AL, )<br>)<br>Defendants. ) | Civil Action No. 2:14-cv-206<br>**LEAD CASE**<br><br>Judge Mark R. Hornak |
| COLUMBIA GAS TRANSMISSION, )<br>LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>29.28 ACRES, MORE OR LESS, IN )<br>GREENE COUNTY; LOCATED ON )<br>PARCEL IDENTIFICATION NUMBER )<br>07-000660, OWNED BY STEVEN )<br>GARTH SMITH AND LISA ANNE )<br>SMITH, )<br>)<br>Defendants. ) | Civil Action No. 2:14-cv-377<br>**MEMBER CASE**<br><br>Judge Mark R. Hornak |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

The Court files this Memorandum Opinion to further set forth its reasoning in denying the Plaintiff's Motion seeking to preclude certain Defendants from offering expert testimony evidence on valuation issues at trial.

This is a condemnation case under the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h). The Plaintiff holds a certificate from the Federal Energy Regulatory Commission ("FERC") authorizing it to construct an upgraded pipeline facility in parts of rural Western Pennsylvania. Plaintiff sought to obtain necessary easement rights via the process of negotiation mandated by the NGA, and in many cases, that process was successful. By the time this action was filed, however, there were a number of parcels which had not yielded agreed-to easement transactions, so this condemnation proceeding was filed.

Due to exigencies related to weather and limitations on construction due to the presence during certain seasons of protected wildlife, the Plaintiff contended that it needed the ability to enter upon the involved land immediately to begin work, with the just compensation portion of the proceedings to come later. Proceedings were held in open court on the Plaintiff's Motion for such preliminary injunctive relief, and the Court entered just such an Order, finding that the Plaintiff had fulfilled the procedural and substantive requirements for such relief. ECF No. 64.

The Court then directed the filing of the requisite pretrial papers by the parties, and set the trial on just compensation for a date agreed to and suggested by the parties, with jury selection set for September 17, 2014 and trial to begin the following Monday, September 22, 2014. The Court's pretrial Order, which included the schedule set and agreed to by the parties, directed that expert disclosures, including of any valuation reports, occur in July 2014. ECF No 84. That is an especially important matter in a case such as this, as expert testimony on

appraised valuation is at the core of the proof in the just compensation portion of a condemnation case.

The Smith and Kalsey Defendants,[1] although represented by experienced counsel, have yet to make their expert disclosures, although they were due nearly sixty (60) days ago. The Plaintiff, rightly concerned that it was being painted into a corner inches from trial, sought to bar any such proof at the trial, which was set to begin in about a month. ECF No. 99. The Smith and Kalsey Defendants countered by asking that they be permitted to file, in 15 days, either their expert disclosures/reports or a statement that they will not use any expert testimony. ECF No. 115. They sought this allowance on the basis that their identified and disclosed appraisal expert was evaluating an alternative valuation method based on the "highest and best" use of the land being a pipeline corridor.

At the status conference held August 21, 2014, the Court found this state of affairs to be wholly unacceptable, in that the Smith and Kalsey Defendants, without leave of Court, have engaged in what is in essence a self-help modification of the Court's Pretrial Order, and have treated the Court's filing deadlines as some sort of "advice" or "optional equipment." The Court's Orders are not advisory, nor is compliance with them elective. While allowing the Smith and Kalsey Defendants to unilaterally adjust their expert disclosure obligations would have indeed painted the Plaintiff into a corner, there is no question that the conduct of those Defendants has also done exactly that to the Court, with no good justification.

The question before the Court was what to do about that? Given that by its prior Order granting preliminary injunctive relief, the Plaintiff has been granted the power to enter the land and to take possession of the sought-after easements, any delay in the trial on the compensation

---

[1] Emeric Richard Kalsey, Joan W. Kalsey, Richard E. Kalsey, Melissa R. Kalsey, Steven D. Smith, Beryl L. Smith, Steven Garth Smith, and Lisa Anne Smith.

portion of the case would not cause the Plaintiff prejudice, beyond that which comes with having to carry open litigation on its books, so to speak. While that may be some actual, albeit intangible, detriment, the Court does not find it overpowering or incurable.

On the other hand, barring the Smith and Kalsey Defendants from offering any expert testimony on valuation would in reality be pretty close to directing a judgment in favor of the Plaintiff. Valuation testimony is at the core of the compensation phase of litigation such as this, and the Plaintiff has raised a colorable argument that even though it was required to first seek to acquire the involved easements via a negotiated process, allowing testimony at trial as to the Plaintiff's offers for the property interests would violate Fed. R. Evid. 408(a). Thus, to grant the relief sought by the Plaintiff, essentially sought in self-defense against a very late and otherwise impermissible expert disclosure by the Smith and Kalsey Defendants, would essentially knock those Defendants out of the box at trial.

While such powerful and preclusive relief is within the remedial arsenal available to the Court for non-compliance with its Orders, the Court believes that the applicable rule of law leads to the conclusion that it should not be directed except in the most egregious cases, and where there is no less harsh alternative. In this case, the Court has noted on the record that there is an alternative, namely continuing the trial date to a date that is acceptable to the Plaintiff, coupled with a fixed, firm, unalterable deadline for the Smith and Kalsey Defendants to provide their full, complete and final expert disclosures and reports,[2] if any, on valuation. Thus, the Court ordered that the parties confer and file by August 29, 2014 an agreed upon scheduling Order including a new trial date and a set of firm and fixed deadlines for the expert disclosures and reports of the Defendants, and which allow the Plaintiff plenty of time to respond to any such way-out-of-time

---

[2] Counsel for the remaining other Defendant, Mike Makripodis, advised the Court at the status conference he does not intend on offering any such testimony.

4

expert disclosures and reports, along with sufficient time for the Plaintiff to make any *Daubert* challenges and for the Court to rule on them.

But for the reality that via the preliminary injunction the Plaintiff has been granted access to the easements, it is a lead-pipe cinch that the Court would have kept the September 22, 2014 trial date sacrosanct and barred all expert testimony by the Smith and Kalsey Defendants. Their unilateral amendment to the Court's scheduling Order does not cut it with this Court, and would have put the Plaintiffs in a very real jam had the trial proceeded as scheduled. By the same token, because the actual prejudice to the Plaintiff from the non-disclosure to date by those Defendants can be addressed by a trial continuance, to enter an Order that would have in reality cut the heart out of the Defendants' case would in the Court's judgment be impermissible overkill.

The Court has also considered whether some sort of other sanction of the Smith and Kalsey Defendants or their counsel would be proper, and has concluded that for the moment, it is not. First, no notice of the possibility of any such sanction has been provided to them by the Court. Further, there does not appear to be any inherently increased expense to the Plaintiff if the trial date is moved stemming directly from the date of disclosure of the Defendant's expert valuation report and the trial being moved. But, if it turns out that there is, the Plaintiff may most certainly raise that with the Court. To otherwise impose some sort of monetary sanction against the involved Defendants or their lawyers, while perhaps justified, would be in the Court's estimation (given the posture in which this case sits as described above) gratuitous. If it turns out that there are litigation costs for the Plaintiff that go up as a direct result of the Court granting the continuance, or allowing these Defendants more time to get their house in order relative to their valuation expert, then that can be taken up at the time, with all parties being given the chance to make their case in such regards.

This is a situation solely of the making of the Smith and Kalsey Defendants and their lawyers, and the Court finds itself in an unpalatable position of not having much that it can do about that, other than moving the trial date. In order to preserve the substantial rights of the Plaintiff while at the same time not ordering a remedy that is the evidentiary equivalent of a nuclear weapon as against those Defendants, it is forced to give those Defendants and their counsel a "pass" on their extended non-compliance with an important part of the Court's scheduling Order, and then continue the trial.

The Court would strongly caution those Defendants and their lawyers in regard to that "pass" -- one to a customer.

Mark R. Hornak
United States District Judge

Dated: August 22, 2014

cc: All counsel of record